

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00146-CR

JEORGE CECILIO GONZALES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 28,368

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In 2012, Jeorge Cecilio Gonzales, pursuant to a plea agreement, pled guilty to tampering with physical evidence[1] and was placed on deferred adjudication community supervision for a period of three years. In 2014, the State moved to revoke Gonzales' community supervision and to proceed to an adjudication of his guilt. The State alleged that Gonzales failed to report to his community supervision officer, failed to submit to drug and alcohol testing, and admitted that he used marihuana on July 5, 2014, in violation of the terms and conditions of his community supervision. Although a warrant for Gonzales' arrest was signed on August 27, 2014, Gonzales was not arrested until 2017. At the hearing on the State's motion, Gonzales pled true to all of the allegations, and the trial court granted the State's motion. Gonzales was sentenced to ten years' incarceration. He appeals.

Gonzales' attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (West 2016).

2

On January 2, 2018, counsel mailed to Gonzales copies of the brief, the appellate record, and the motion to withdraw. Gonzales was informed of his rights to review the record and file a pro se response. By letter dated January 3, 2018, this Court informed Gonzales that any pro se response was due on or before February 2, 2018. On February 12, 2018, this Court further informed Gonzales that the case would be set for submission on the briefs on March 5, 2018. We received neither a pro se response from Gonzales nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted: March 5, 2018
Date Decided: March 6, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.